UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PERSHING LLC

VERSUS

WANDA BEVIS ET AL

CIVIL ACTION

NO. 13-672-JJB

**RULING ON DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss (doc. 28) brought by the Defendants. Plaintiff, Pershing LLC ("Pershing"), has filed an opposition (doc. 32). Oral argument is unnecessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the Defendants' motion to dismiss is DENIED.

Pershing has filed a complaint seeking declaratory and injunctive relief. (Doc. 1). Specifically, Pershing would like this Court to declare that it has no obligation to arbitrate the Defendants' claims and to enjoin the Defendants from attempting to join Pershing in any further arbitration proceedings. This request arises out of pending arbitration proceedings being conducted under the authority of a Financial Industry Regulatory Authority ("FINRA") panel.[1] The pending arbitration concerns Pershing's involvement in, and therefore potential liability for, a criminal Ponzi scheme orchestrated by R. Allen Stanford. There are currently 100 claimants in the pending arbitration, including the 16 Defendants named in the suit presently before the Court. Pershing only objects to the inclusion of these claims because there is neither a written agreement requiring arbitration nor are the Defendants "customers" of Pershing as required by FINRA rules. Pershing has filed a motion for preliminary injunction (doc. 11) which is set to be heard by this Court on February 27, 2014.

---

[1] The arbitration matter is entitled *Dr. Thomas J. Kiebach, et al v. Pershing, LLC*, FINRA Arb. No. 13-01692.

1

To preempt the hearing, the Defendants have filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure asserting that this Court lacks subject matter jurisdiction to entertain the cause of action and therefore, Pershing has failed to state a claim. Citing FINRA rules, the Defendants argue that the arbitration panel alone has the power to determine whether or not it has jurisdiction over the Defendants' claims. In response, Pershing argues that this Court has subject matter jurisdiction to decide the threshold question of arbitrability, not a FINRA panel. As it pertains to this case, Pershing contends that the Court has jurisdiction to determine if there is any basis upon which Pershing would be compelled to arbitrate the claims asserted by the Defendants.[2] Pershing can be compelled to arbitrate the claims asserted by Defendants if: (1) a direct written agreement exists; (2) Pershing's membership agreement with FINRA requires arbitration; and/or (3) Defendants qualify as "customers" of "associated persons" as defined by FINRA rules.

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge a court's subject matter jurisdiction at any time. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). The party asserting that the court has jurisdiction bears the burden of proving that the court may adjudicate the case. *Ramming v. U.S.*, 281 F. 3d 158, 161 (5th Cir. 2001). In determining whether it has subject matter jurisdiction, the court may look at the complaint alone, the complaint supplemented by undisputed facts in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.*

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When reviewing the complaint, a court must accept all well-pleaded factual allegations as true. *C.C.*

---

[2] Pershing also asserts, and Defendants do not contest, that the Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

*Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995).  In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A court need not determine at this preliminary stage whether the plaintiff's claims will ultimately succeed on the merits. *Id.* at 556.  Instead, a court must identify the factual allegations entitled to the presumption of truth and determine whether they state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

> Under FINRA rules,
>
> Parties must arbitrate a dispute under the Code if:
>
>> Arbitration under the Code is either:
>> (1) Required by a written agreement, or
>> (2) Requested by the customer
>>
>> The dispute is between a customer and a member or associated person of a member; and
>>
>> The dispute arises in connection with the business activities of the member or the associated person…

FINRA, *Code of Arbitration Procedure for Customer Disputes*, Rule, 12200.  FINRA rules further hold that "The panel has the authority to interpret and determine the applicability of all provisions under the Code.  Such interpretations are final and binding upon the parties." *Id.* at Rule 12409.  Read together, Defendants interpret these two rules as giving the arbitration panel, and only the arbitration panel, the authority to determine the arbitrability of claims.  A corollary to this determination may be whether the Defendants are customers of Pershing, which Defendants also contend is a determination that can only be made by the arbitration panel.

Defendants' interpretation and contentions are inconsistent with well-settled law.  Supreme Court and Fifth Circuit jurisprudence has consistently held that the question of

arbitrability is an issue undeniably reserved for judicial determination unless the parties clearly and unmistakably intend otherwise. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943-44 (1995) (holding that courts should answer the question of arbitrability unless the parties agree to submit the question to arbitration by clear and convincing evidence); *AT&T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) ("Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator."); *ConocoPhilips, Inc. v. Local 13-0555 United Steelworkers Int'l Union*, __ F.3d __, 2014 WL 340088, (5th Cir. Jan. 30, 2014); *Will-Drill Resources, Inc v. Samson Resources Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (explaining that the arbitrability of disputes is an issue to be decided by the court, not the arbitrator). Furthermore, when resolving the issue of arbitrability, courts have the authority to determine issues like whether a party is a customer under an arbitration organization's rules and regulations. *See California Fina Group, Inc. v. Herrin*, 379 F.3d 311 (5th Cir. 2004) (affirming the district court's determination that defendants were parties under NASD rules and regulations). The main cases cited to and relied upon by the Defendants are inapposite to the present matter for several reasons, including those cases involved explicit agreements between the parties to arbitrate their claims. *See Hendricks v. UBS Financial Services Inc.*, __ Fed.Appx.__, 2013 WL 5969888 (5th Cir. Nov. 11, 2013) (finding that a provision requiring arbitration in a benefits plan was enforceable between the parties); *Morgan Keegan & Co., Inc. v. Garrett*, 495 Fed.Appx. 443 (5th Cir. 2012) ("Here, the undisputed evidence proves that the parties had an agreement to arbitrate…Accordingly, because the parties agreed to submit the instant issues to arbitration, we may only set aside the arbitration panel's decision in 'very unusual circumstances'"). Here, no such agreement has been produced. Even if such an

agreement had been produced, this Court could still determine whether or not the agreement required the parties to arbitrate their claims.  *See Hendricks*, __ Fed.Appx. __, 2013 WL 5969888 at *3 (assessing whether the parties have agreed to arbitrate their claims).

By seeking a declaration from this Court that it is not obligated to arbitrate the Defendants' claims and an injunction preventing the Defendants from attempting to compel them to do so, Pershing is effectively asking this Court to decide the issue of arbitrability of the Defendants' claims.  As the cited case law makes clear, the Court has the jurisdiction to resolve this issue unless the parties clearly and unmistakably provide otherwise.  The Court is not presented with any evidence even tending to show that the parties agreed to submit the question of arbitrability to the arbitration panel.  To the contrary, Pershing's written objection to the arbitration of the Defendants' claims demonstrates that they did not intend to be bound by the arbitrator's resolution of this issue. (Doc. 32-1, Exh. D). *See First Options of Chicago*, 514 U.S. at 946 (concluding that a party's written objection to the arbitrator's jurisdiction showed that the party did not intend to submit the question of arbitrability to the arbitrator).  Therefore, the Court finds that it has subject matter jurisdiction to entertain this cause of action and Pershing has stated a cause of action upon which relief may be granted.

Accordingly, the Defendants' motion to dismiss (doc. 28) is DENIED.

Signed in Baton Rouge, Louisiana, on February 19, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

5